IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**DONALD R. REYNOLDS,**

              **Plaintiff,**

**v.**                         //    **CIVIL ACTION NO. 1:16CV77**
                                            **(Judge Keeley)**

**ASCENT RESOURCES — MARCELLUS, LLC,**

              **Defendant.**


              **MEMORANDUM OPINION AND ORDER DENYING**
           **DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND**
     **PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

    On March 28, 2016, the plaintiff, Donald R. Reynolds ("Reynolds"), filed this action in the Circuit Court of Harrison County, West Virginia. On April 6, 2016, the Secretary of State delivered process to an agent of the defendant, Ascent Resources - Marcellus, LLC ("Ascent"), who, on May 2, 2016, timely removed the action to this Court on the basis of diversity (Dkt. No. 1). On May 9, 2016, Ascent filed a motion to dismiss the complaint for failure to state a claim (Dkt. No. 3), and Reynolds responded on June 1, 2016 (Dkt. No. 6). In his response, Reynolds also requested judgment on the pleadings.[1] Id. At a scheduling conference on July 5, 2016, the Court held Ascent's motion to dismiss in abeyance and ordered Reynolds to file an amended complaint by July 15, 2016

---

    [1] Reynolds's request for judgment on the pleadings is premature: Ascent has yet to file an answer. See Fed. R. Civ. P. 12(c).

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC    1:16CV77**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

(Dkt. No. 12). The Court also gave the parties an opportunity to supplement briefing on the motion to dismiss. Id. Reynolds filed his amended complaint on July 15, 2016 (Dkt. No. 15). The motion to dismiss is now fully briefed and ripe for consideration. For the following reasons, the Court **DENIES** Ascent's motion to dismiss as well as Reynolds's motion for judgment on the pleadings.

## BACKGROUND

The Court's recitation of the facts is taken from Reynolds's amended complaint (Dkt. No. 12), which, at this stage, the Court construes in the light most favorable to Reynolds. See De'Ionta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). Reynolds is a resident of Harrison County, West Virginia, and Ascent is an Oklahoma LLC licensed to do business in West Virginia. In April 2015, Reynolds was contacted by W. Travis McBain ("McBain"), an Ascent representative, about leasing Reynolds's various interests in oil and gas totaling 561.61 acres. This tract is known as the Milton Underwood No. 2 Farm, McClellan District, Doddridge County, West Virginia ("Milton tract"), and was leased to Clarence Mutschelknaus on February 2, 2010 (the "Mutschelknaus lease"). McBain advised Reynolds that the Mutschelknaus lease had expired by its terms on February 10, 2015, because no well had been drilled during the

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC          1:16CV77**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

primary term. During negotiations with Reynolds, Ascent consistently sought to lease Reynolds's one-fourth interest in a certain 90.83-acre tract ("Subject Interest"),[2] which is included in the Milton tract leased to Mutschelknaus.

Ascent prepared and provided a number of documents, dated June 8, 2015, including: 1) the Paid-Up Oil and Gas Lease, 2) the Memorandum of Oil and Gas Lease, and 3) the Order of Payment (the "Lease documents") (Dkt. No. 15-1). On October 9, 2015, Reynolds executed those documents and leased Ascent his interest in the 561.61-acre Milton tract. In the Lease, Reynolds "grants, leases, and lets exclusively to Lessee all the oil and gas . . . underlying the land herein leased, together with such exclusive rights as may be necessary or convenient for Lessee, at its election, to explore for, develop, produce, measure, and market production from the Leasehold." Id. at 1.

The Lease further provides as follows:

> If Lessee receives evidence that Lessor does not have title to all or any part of the rights herein leased, Lessee may immediately withhold payments that would otherwise be due and payable hereunder to Lessor until the adverse claim is fully resolved. Lessor represents

---

[2] Identified as Milton Underwood Farm, McClellen District, Doddridge County, West Virginia, Assessor District and Tax Map and Parcel Number 05-11-024.

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC                1:16CV77**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

> and warrants that there is no existing oil and gas lease
> which is presently in effect covering the leasehold.

Id. at 3. As reflected in the Order of Payment, Ascent agreed to pay Reynolds a signing bonus of $4,100 per net acre, totaling $367,775.27. Such payment was to be made by Ascent "within 45 days of its receipt of the original of [the] Order of Payment and the executed Lease," but "[p]ayment [was] conditioned upon title to the property interests leased being confirmed satisfactorily to Ascent . . . in its sole discretion." Id. at 13. In addition, the Order of Payment provided that Ascent could "reduce the consideration payable . . . proportionate to the actual interest owned" if Reynolds owned less that the interest defined. Id. Further, "[i]f the Lease has not been surrendered or payment made by the specified due date, then Lessor shall notify Lessee in writing and Lessee shall have 30 days from receipt of such written notice to make payment or surrender the lease without any liability" (Dkt. No. 15-3 at 4).

On October 30, 2015, Reynolds received a check from Ascent in the amount of $267,956.34, which reflected that payment had been withheld for the Subject Interest. Thereafter, on November 9, 2015, Reynolds mailed a letter to Ascent, which it received on November 16, 2015, demanding that it release the Subject Interest because of

4

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC          1:16CV77**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

non-payment (Dkt. No. 15-2). Prior to receiving that demand, on November 12, 2015, Ascent recorded the Memorandum of Oil and Gas Lease, with reference to the Paid-Up Oil and Gas Lease as well as the Subject Interest.[3]

On February 4, 2016, Reynolds sent Ascent another letter, this time demanding payment for the Subject Interest in the amount of $99,818.93 (Dkt. No. 15-3). On March 3, 2016, Ascent recorded a release of the Subject Interest (Dkt. No. 4-1). By letter dated March 8, 2016, McBain advised Reynolds, contrary to McBain's prior representations, "that a producing well was located on the parcel and for that reason the parcel was subject to an existing oil and gas lease" (Dkt. No. 15-4). Prior to receiving the demand for payment, Ascent did not place Reynolds on "notice of any title defect which would place Plaintiff Reynolds in breach of his obligation under the lease contract to warrant title," nor did it demand that he "warrant or defend title to the subject oil and gas interests" (Dkt. No. 15 at 4).

Reynolds claims that he "has performed all obligations pursuant to the Paid-Up Oil and Gas Lease and Order of Payment,"

---

[3] The Memorandum of Oil and Gas Lease was recorded in the Office of the Clerk of the County Commission of Doddridge County, West Virginia, in Lease Book 414 at page 56.

5

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC**            1:16CV77

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

but that Ascent has breached the contract by failing "to pay the total agreed upon consideration." Id. at 5. In support, Reynolds avers that he "has never received any royalty payment or royalty statement . . . identifying a producing well" on the Milton tract, and that "[t]he Mutschelknaus lease expired under its o[w]n terms on February 2, 2015, for failure to drill a well within the five (5) year primary term." Id. According to Reynolds, Ascent received all intended benefits from the contract when it recorded the Memorandum of Oil and Gas Lease on November 12, 2015, thus waiving its right to withhold payment as provided in the Lease.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal on the grounds that a complaint does not "state a claim upon which relief can be granted." When reviewing the sufficiency of a complaint, a district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC**  1:16CV77

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In order to be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

In deciding on the motion, the court need not confine its inquiry to the complaint; it may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The court may

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC**     **1:16CV77**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

also consider documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." <u>Philips v. Pitt Cty. Mem'l Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009).

### APPLICABLE LAW

In order to state a claim for breach of contract, Reynolds must allege facts sufficient to support the following: "the existence of a valid, enforceable contract; that the plaintiff has performed under the contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result." <u>Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.</u>, 681 F. Supp. 2d 694, 714 (S.D.W. Va. 2009) (citing 23 Williston on Contracts § 63:1 (Richard A. Lord, ed., 4th ed. West 2009)). "The elements of a contract are an offer and an acceptance supported by consideration." <u>Dan Ryan Builders, Inc. v. Nelson</u>, 737 S.E.2d 550, 556 (W. Va. 2012).

"To sufficiently state a claim for breach of contract, a plaintiff must allege in his complaint 'the breach on which the plaintiffs found their action . . . [and] the facts and circumstances which entitle them to damages.'" <u>Id</u>. (quoting <u>White v. Romans</u>, 3 S.E. 14, 16 (W. Va. 1887)). In addition, the plaintiff must "show that he has complied with the contract himself, . . .

8

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC       1:16CV77**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

and, if the evidence shows that he has not complied with the terms of the contract, and has not been prevented or relieved therefrom as aforesaid, he will be denied a recovery from the breach of same." Charleston Nat'l Bank v. Sims, 70 S.E.2d 809, 813 (W. Va. 1952) (quoting Jones v. Kessler, 126 S.E. 344 (W. Va. 1925)).

## ANALYSIS

In its motion to dismiss, Ascent argues that Reynolds has failed to sufficiently plead both that he performed under the contract and that Ascent breached the contract. After careful consideration of the amended complaint and the parties' arguments, however, the Court concludes that Reynolds has alleged sufficient facts to "state a claim to relief that is plausible on its face." Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). The amended complaint contains factual support for each element of his breach of contract claim.

First, the amended complaint clearly alleges the existence of a valid, enforceable contract. It avers that after Ascent offered to lease certain of Reynolds's interests in oil and gas, Reynolds and Ascent "entered into a written Paid-Up Oil and Gas Lease, with a Memorandum of Oil and Gas Lease thereof, and an Order of Payment contract" (Dkt. No. 15 at 1-2). These documents are attached to the

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC**                1:16CV77

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

complaint as exhibits and support Reynolds's claim that Ascent agreed to tender payment as consideration for leasing his interests. See Dan Ryan Builders, Inc., 737 S.E.2d at 556.

Second, based upon a careful reading of the amended complaint, the Court finds sufficient factual allegations that Reynolds performed under the contract. The Court takes the factual allegations in the pleading as truthful and views them in the light most favorable to the non-moving party. De'Ionta, 708 F.3d at 524. The Lease states as follow: "Lessor represents and warrants that there is no existing oil and gas lease which is presently in effect covering the leasehold" (Dkt. No. 15-1 at 3). Reynolds claims that he fulfilled his obligations under this provision because he "never received any royalty payment or royalty statement" concerning a producing well on the Subject Interest, and "[t]he Mutschelknaus lease expired under its o[w]n terms on February 10, 2015[,] for failure to drill a well within the five (5) year primary term." (Dkt. No. 15 at 5).[4]

---

[4] In addition, Reynolds alleges that he fulfilled his obligations under the Order of Payment, which stated that "[i]f the Lease has not been surrendered or payment made by the specified due date [45 days], then Lessor shall notify Lessee in writing and Lessee shall have 30 days from receipt of such written notice to make payment or surrender the lease without any liability" (Dkt. No. 15-3 at 4). Because Ascent did tender payment to Reynolds

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

Whether "exclusive title is something that Plaintiff simply cannot grant," as Ascent argues, is not an appropriate inquiry at this stage (Dkt. No 16 at 3). The question is not whether Reynolds actually did perform under the contract or whether he was capable of performing under the contract; a motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Martin, 980 F.2d at 952. Ascent will have the opportunity to make such arguments in a motion for summary judgment. Rather, the proper inquiry is whether Reynolds has alleged sufficient facts in his amended complaint to plausibly support his legal assertion that he fulfilled his obligations under the contract. The Court declines to consider the various allegations in briefing on the motion to dismiss regarding top-leasing and current production that may include the Subject

---

within the 45-day period, the determinative issue here appears to be whether Ascent had the right to withhold payment for the Subject Interest. To the extent that Reynolds was required to provide notice after the 45-day period, he did so when he demanded payment on February 4, 2016 (Dkt. No. 15 at 4). The fact that Ascent released their interest upon this notification by Reynolds (Dkt. No. 4-1) does not foreclose his allegation that Ascent breached the contract by refusing to pay for the Subject Interest, which he claims was no longer subject to the Mutschelknaus lease.

**REYNOLDS v. ASCENT RESOURCES – MARCELLUS, LLC                 1:16CV77**

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

Interest.[5] Contrary to Ascent's representations that the Mutschelknaus lease is held by production, Reynolds alleges in his amended complaint that the prior lease of the Subject Interest has expired for failure to drill a well, as evidenced by the fact that he has not received any payments (Dkt. No. 15 at 5). His allegation that the Mutschelknaus lease expired supports the fact that "there is no existing oil and gas lease which is presently in effect covering the leasehold," as Reynolds represented in the Lease documents (Dkt. No. 15-1 at 3).

Third, Reynolds has sufficiently pleaded that Ascent "has breached or violated its duties or obligations under the contract." Exec. Risk Indem., Inc., 681 F. Supp. 2d at 714. Reynolds claims that Ascent was obligated to pay him the entire signing bonus to which the parties agreed, that he demanded payment of that money, and that Ascent has failed to fully compensate him for the leased interests, despite the fact that Reynolds has fulfilled his

---

[5] Aside from McBain's letter to Reynolds, which references "the DEP website" (Dkt. No. 15-4), and the fact that Ascent chose to withhold payment for the Subject Interest, there is no evidence before the Court at this early stage to indicate unequivocally that Reynolds breached his obligations by failing to deliver title as contemplated in the Lease documents. The only document that Ascent chose to provide the Court in this regard is the Mutschelknaus lease, which Reynolds alleges has expired.

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC**  1:16CV77

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

obligations under the contract (Dkt. No. 15 at 2-3). Ascent argues, in essence, that it could not have breached the contract because it had "sole discretion" to determine whether title to the Subject Interest was satisfactory (Dkt. No. 16 at 4-5).

It is not apparent from the Lease documents, however, that Ascent had "sole discretion" to partially deny payment under the contract if the Subject Interest was provided by Reynolds with completely clear title. Although it is true that Ascent reserved the right to surrender the Lease at any time or to lower payment consistent with Reynolds's actual ownership (Dkt. No. 15-1 at 13), it does not follow that, if Reynolds fulfilled his obligations under the contract, as he alleges, Ascent had the right to unilaterally nullify the contract with regard to only the Subject Interest. Ascent's argument in this regard depends largely on the presumption that Reynolds did not perform, but as discussed above, whether Reynolds actually performed is not the issue; he has pleaded sufficient facts to support the allegation that he did.

Finally, Reynolds has sufficiently pleaded that he incurred damages as a result of Ascent's breach. Not only did he receive $99,818.93 less than the consideration agreed upon, but Ascent also recorded a Memorandum of Oil and Gas Lease, which included the

**REYNOLDS v. ASCENT RESOURCES — MARCELLUS, LLC**     1:16CV77

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] AND
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 6]**

Subject Interest (Dkt. No. 15 at 5-6). Reynolds claims that this recordation gave Ascent all its intended benefits under the Lease documents without tendering full payment to him, id. at 5, with the detrimental effect to Reynolds that others may view Ascent as the current Lessee of the Subject Interest. Indeed, the Memorandum itself has the stated "purpose of giving third parties notice of the existence of the Lease," with all of the described properties, including the Subject Interest (Dkt. No. 15-1 at 9). Therefore, the Court finds that Reynolds has pleaded sufficient facts to state a facially plausible claim for relief.

## CONCLUSION

After carefully considering the issues raised by the parties, for the reasons discussed, the Court **DENIES** Ascent's motion to dismiss (Dkt. No. 3). Reynolds's motion for judgment on the pleadings is also **DENIED** as untimely (Dkt. No. 6).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: September 30, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
